R:\13598.0001\pleadings\discovery\sent\plts RFA to def - Gary Hodge.docx

CAUSE NO. 2014-CI-18038

| | | |
|---|---|---|
| STEPHEN KRAFT INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS A MEMBER ON BEHALF OF | § | |
| GRUPO HABANERO, LLC | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 225th JUDICIAL DISTRICT |
| | § | |
| GARY HODGE AND ROBERT HART III | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT GARY HODGE

TO:    GARY HODGE, Defendant, by and through his attorneys of record, Roderick J. 'Rod' Regan Branscomb | PC, 711 Navarro, Suite 500, San Antonio TX 78401-0036.

NOW COMES STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC, ("Plaintiffs"), in the above-styled and numbered cause and serves their Request for Admissions on the Defendant, GARY HODGE, pursuant to Rule 198 of the Texas Rules of Civil Procedure and request that Defendant files his responses within thirty (30) days after the service of these requests.

Plaintiff requests that GARY HODGE specifically admits or denies each of the following numbered statements. You are advised that a failure to specifically answer any requests, or an evasive answer to any request may be taken as an admission of the truth of such request pursuant to Texas Rules of Civil Procedure 215 (4)(a). Additionally, the Court finds that a party fails to admit a request for admission or proof at trial demonstrates that the request for admission should have been admitted, STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC may be entitled to reasonable expenses incurred in making such proof pursuant to Texas Rules of Civil Procedure 215 (4)(c).



Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone: (210) 404-0333
Telecopier: (210) 404-0336

By: _____
    RICHARD W. ESPEY
    State Bar No. 06667580
    respey@lawespey.com
    MATTHEW B. SOLIDAY
    State Bar No. 24079367
    msoliday@lawespey.com

ATTORNEYS FOR PLAINTIFFS, STEPHEN KRAFT,
INDIVIDUALLY AND AS A MEMBER ON BEHALF OF GRUPO
HABANERO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 8, 2014, on the following counsel of record:

Roderick J. 'Rod' Regan
Branscomb | PC
711 Navarro, Suite 500
San Antonio TX 78401-0036
210.598.5405 Facsimile
*Attorneys for Defendants*

_____
RICHARD W. ESPEY
MATTHEW B. SOLIDAY

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT GARY HODGE

**REQUEST FOR ADMISSION NO 1:** Admit that the letter attached to Plaintiffs' Original Petition as "Exhibit B", was not hand delivered to Plaintiff Stephen Kraft.

**ANSWER**

**REQUEST FOR ADMISSION NO 2:** Admit that you were aware on July 3, 2014 that Plaintiff Stephen Kraft's correct address is 1115 Birch Hill, San Antonio, TX 78232.

**ANSWER**

**REQUEST FOR ADMISSION NO 3:** Admit that the letter attached to Plaintiffs' Original Petition as "Exhibit B" was not sent to Plaintiff Stephen Kraft by certified mail, return receipt requested.

**ANSWER**

**REQUEST FOR ADMISSION NO 4:** Admit that prior to July 3, 2014, you had received notice in writing from Plaintiff Stephen Kraft that his correct address is 1115 Birch Hill, San Antonio, TX 78232.

**ANSWER**

CAUSE NO. <u>2014-CI-18038</u>

| | | |
|---|---|---|
| STEPHEN KRAFT INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS A MEMBER ON BEHALF OF | § | |
| GRUPO HABANERO, LLC | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 225th JUDICIAL DISTRICT |
| | § | |
| GARY HODGE AND ROBERT HART III | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT ROBERT HART III

TO:    ROBERT HART III, Defendant, by and through his attorneys of record, Roderick J. 'Rod' Regan Branscomb | PC, 711 Navarro, Suite 500, San Antonio TX 78401-0036.

NOW COMES STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC, ("Plaintiffs"), in the above-styled and numbered cause and serves their Request for Admissions on the Defendant, ROBERT HART III, pursuant to Rule 198 of the Texas Rules of Civil Procedure and request that Defendant file his responses within thirty (30) days after the service of these requests.

Plaintiff requests that ROBERT HART III specifically admits or denies each of the following numbered statements. You are advised that a failure to specifically answer any requests, or an evasive answer to any request may be taken as an admission of the truth of such request pursuant to Texas Rules of Civil Procedure 215 (4)(a). Additionally, the Court finds that a party fails to admit a request for admission or proof at trial demonstrates that the request for admission should have been admitted, STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC may be entitled to reasonable expenses incurred in making such proof pursuant to Texas Rules of Civil Procedure 215 (4)(c).

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone:     (210) 404-0333
Telecopier:    (210) 404-0336

By: _____
      RICHARD W. ESPEY
      State Bar No. 06667580
      respey@lawespey.com
      MATTHEW B. SOLIDAY
      State Bar No. 24079367
      msoliday@lawespey.com

ATTORNEYS FOR PLAINTIFFS, STEPHEN KRAFT, INDIVIDUALLY AND AS A MEMBER ON BEHALF OF GRUPO HABANERO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 8, 2014, on the following counsel of record:

Roderick J. 'Rod' Regan
Branscomb | PC
711 Navarro, Suite 500
San Antonio TX 78401-0036
210.598.5405 Facsimile
*Attorneys for Defendants*

_____
RICHARD W. ESPEY
MATTHEW B. SOLIDAY

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT ROBERT HART III

**REQUEST FOR ADMISSION NO 1:** Admit that the letter attached to Plaintiffs' Original Petition as "Exhibit B", was not hand delivered to Plaintiff Stephen Kraft.

**ANSWER**

**REQUEST FOR ADMISSION NO 2:** Admit that you were aware on July 3, 2014 that Plaintiff Stephen Kraft's correct address is 1115 Birch Hill, San Antonio, TX 78232.

**ANSWER**

**REQUEST FOR ADMISSION NO 3:** Admit that the letter attached to Plaintiffs' Original Petition as "Exhibit B" was not sent to Plaintiff Stephen Kraft by certified mail, return receipt requested.

**ANSWER**

**REQUEST FOR ADMISSION NO 4:** Admit that prior to July 3, 2014, you had received notice in writing from Plaintiff Stephen Kraft that his correct address is 1115 Birch Hill, San Antonio, TX 78232.

**ANSWER**

CAUSE NO. <u>2014-CI-18038</u>

| | | |
|---|---|---|
| STEPHEN KRAFT INDIVIDUALLY AND AS A MEMBER ON BEHALF OF GRUPO HABANERO, LLC<br>　　Plaintiffs | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | 225th JUDICIAL DISTRICT |
| GARY HODGE AND ROBERT HART III<br>Defendant | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT GARY HODGE

TO:　GARY HODGE, Defendant, by and through his attorneys of record, Roderick J. 'Rod' Regan Branscomb | PC, 711 Navarro, Suite 500, San Antonio TX 78401-0036.

NOW COMES STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC, ("Plaintiffs") in the above-styled and numbered cause, and serves the attached interrogatories on the Defendant, GARY HODGE, pursuant to Rule 197 of the Texas Rules of Civil Procedure. Such interrogatories shall be answered separately and fully, in writing, under oath, and be signed by the party providing the answers or its attorney. The answers to the interrogatories shall be returned to Plaintiffs on the first business day after the expiration of thirty (30) days after service of said interrogatories. You are further notified that Plaintiffs ask that you also comply with that part of Rule 193.5 which reads:

> "If a party learns that the party's response to written discovery was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement the response: (1) to the extent that the written discovery sought the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses,...An amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response...it is presumed that an amended or supplemental response made less than 30 days before trial was not made reasonably promptly..."

·1

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone:    (210) 404-0333
Telecopier:    (210) 404-0336

By: _____

    RICHARD W. ESPEY
    State Bar No. 06667580
    respey@lawespey.com
    MATTHEW B. SOLIDAY
    State Bar No. 24079367
    msoliday@lawespey.com

ATTORNEYS FOR PLAINTIFFS, STEPHEN KRAFT,
INDIVIDUALLY AND AS A MEMBER ON BEHALF
OF GRUPO HABANERO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 8, 2014, on the following counsel of record:

Roderick J. 'Rod' Regan
Branscomb | PC
711 Navarro, Suite 500
San Antonio TX 78401-0036
210.598.5405 Facsimile
*Attorneys for Defendants*

_____
RICHARD W. ESPEY
MATTHEW B. SOLIDAY

2

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT GARY HODGE

**INTERROGATORY NO. 1:** Identify the manner in which the letter attached to Plaintiffs' Original Petition as "Exhibit B" was delivered to the Plaintiff Stephen Kraft.

**RESPONSE**


**INTERROGATORY NO. 2:** Identify the individual who hand delivered to Plaintiff Stephen Kraft the letter attached to Plaintiffs' Original Petition as "Exhibit B".

**RESPONSE**


**INTERROGATORY NO. 3:** Identify the individual who placed the letter attached to Plaintiffs' Original Petition as "Exhibit B" in the mail.

**RESPONSE**

3

CAUSE NO. 2014-CI-18038

| | | |
|---|---|---|
| STEPHEN KRAFT INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS A MEMBER ON BEHALF OF | § | |
| GRUPO HABANERO, LLC | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 225th JUDICIAL DISTRICT |
| | § | |
| GARY HODGE AND ROBERT HART III | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT ROBERT HART III

TO:    ROBERT HART III, Defendant, by and through his attorneys of record, Roderick J. 'Rod' Regan Branscomb | PC, 711 Navarro, Suite 500, San Antonio TX 78401-0036.

NOW COMES STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC, ("Plaintiffs") in the above-styled and numbered cause, and serves the attached interrogatories on the Defendant, ROBERT HART III, pursuant to Rule 197 of the Texas Rules of Civil Procedure. Such interrogatories shall be answered separately and fully, in writing, under oath, and be signed by the party providing the answers or its attorney. The answers to the interrogatories shall be returned to Plaintiffs on the first business day after the expiration of thirty (30) days after service of said interrogatories. You are further notified that Plaintiffs ask that you also comply with that part of Rule 193.5 which reads:

> "If a party learns that the party's response to written discovery was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement the response: (1) to the extent that the written discovery sought the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses,…An amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response…it is presumed that an amended or supplemental response made less than 30 days before trial was not made reasonably promptly…"

1

Respectfully submitted,

ESPEY & ASSOCIATES, PC
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone:     (210) 404-0333
Telecopier:     (210) 404-0336

By: _____
     RICHARD W. ESPEY
     State Bar No. 06667580
     respey@lawespey.com
     MATTHEW B. SOLIDAY
     State Bar No. 24079367
     msoliday@lawespey.com

ATTORNEYS FOR PLAINTIFFS, STEPHEN KRAFT,
INDIVIDUALLY AND AS A MEMBER ON BEHALF
OF GRUPO HABANERO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 8, 2014, on the following counsel of record:

Roderick J. 'Rod' Regan
Branscomb | PC
711 Navarro, Suite 500
San Antonio TX 78401-0036
210.598.5405 Facsimile
*Attorneys for Defendants*

_____
RICHARD W. ESPEY
MATTHEW B. SOLIDAY

2

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT ROBERT HART III

**INTERROGATORY NO. 1:** Identify the manner in which the letter attached to Plaintiffs' Original Petition as "Exhibit B" was delivered to the Plaintiff Stephen Kraft.

**RESPONSE**

**INTERROGATORY NO. 2:** Identify the individual who hand delivered to Plaintiff Stephen Kraft the letter attached to Plaintiffs' Original Petition as "Exhibit B".

**RESPONSE**

**INTERROGATORY NO. 3:** Identify the individual who placed the letter attached to Plaintiffs' Original Petition as "Exhibit B" in the mail.

**RESPONSE**

CAUSE NO. <u>2014-CI-18038</u>

| | | |
|---|---|---|
| STEPHEN KRAFT INDIVIDUALLY AND<br>AS A MEMBER ON BEHALF OF<br>GRUPO HABANERO, LLC<br>    Plaintiffs | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | 225th JUDICIAL DISTRICT |
| GARY HODGE AND ROBERT HART III<br>Defendant | §<br>§ | BEXAR COUNTY, TEXAS |

### <u>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION<br>TO DEFENDANT GARY HODGE</u>

TO:    GARY HODGE, Defendant, by and through his attorneys of record, Roderick J. 'Rod' Regan Branscomb | PC, 711 Navarro, Suite 500, San Antonio TX 78401-0036.

NOW COMES STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC, ("Plaintiffs"), in the above-styled and numbered cause and serves their First Request for Production on the Defendant, GARY HODGE, pursuant to Rule 196 of the Texas Rules of Civil Procedure.

<u>Instructions.</u> Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, Defendant is hereby requested to produce the below-designated documents. Pursuant to Rule 196, Defendant must make written response that Defendant will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. Pursuant to Rule 196, a response to these requests shall be served within thirty (30) days after receipt of the request.

1

As used herein, the following terms shall have the meaning indicated below:

1. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

2. The term "document", "documents" or "communications" shall mean and include, without limitation, all handwritten, typed, printed and photostatic matter and drafts, duplicates or any other copies of all agreements, contracts, communications, correspondence, letters, telegrams, faxes, memoranda, *e-mails*, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of meetings and conferences, diaries, calendars, appointment books, financial statements, worksheets, accounts, ledgers, notes, bills, statements, invoices, journal entries, receipts, checks, canceled checks, envelopes or folders or similar containers, microfilm, booklets, circulars, pamphlets, photographs, graphs, charts, electronic mail, internet communications computer programs, cards, tapes or disks, computer runs, magnetic or other memory components of computers containing information, including, without limitation, hard disk storage devices, floppy disks, tape backup systems, and any other magnetic or electronic storage medium employed by Plaintiff to record information, summaries or analyses of computer runs, and all of the writings of any type and all other data compilations from which information can be obtained or translated into usable form.

3. In accordance with the Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4. "You" and "your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said "party."

5. "Identify" or "Identification":

(a) When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b) When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c) When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

2

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement" as used herein, means:

(a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)    any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

(c)    the term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date

8.    "Plaintiffs" shall mean STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC.

9.    "Defendant" shall mean ROBERT HART III.

3

10.  "Defendant" shall mean GARY HODGE.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone:    (210) 404-0333
Telecopier:    (210) 404-0336

By: _____
     RICHARD W. ESPEY
     State Bar No. 06667580
     respey@lawespey.com
     MATTHEW B. SOLIDAY
     State Bar No. 24079367
     msoliday@lawespey.com

ATTORNEYS FOR PLAINTIFFS, STEPHEN KRAFT,
INDIVIDUALLY AND AS A MEMBER ON BEHALF
OF GRUPO HABANERO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 8, 2014, on the following counsel of record:

Roderick J. 'Rod' Regan
Branscomb | PC
711 Navarro, Suite 500
San Antonio TX 78401-0036
210.598.5405 Facsimile
*Attorneys for Defendants*

_____
RICHARD W. ESPEY
MATTHEW B. SOLIDAY

4

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT GARY HODGE

**REQUEST FOR PRODUCTION NO. 1:** Please produce all correspondence between you and Plaintiff Stephen Kraft.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 2:** Please produce all emails between you and Plaintiff Stephen Kraft between January 1, 2014 and the present.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 3:** Please produce all emails between you and Defendant Robert Hart III regarding the employment of Plaintiff Stephen Kraft between January 1, 2014 and November 14, 2014.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 4:** Please produce all emails between you and Defendant Robert Hart III regarding the purported exercise of the option to buy Plaintiff Stephen Kraft's membership interest in Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents reflecting proof of mailing the letter attached to Plaintiffs' Original Petition as "Exhibit B".

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents reflecting personal service of the letter attached to Plaintiffs' Original Petition as "Exhibit B" upon Plaintiff Stephen Kraft.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 7:** Please produce all bank statements for any bank account associated with Grupo Habanero LLC.

5

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 8:** Please produce all tax documents sent by you or Grupo Habanero LLC to Plaintiff Stephen Kraft.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 9:** Please produce the employment file of Plaintiff Stephen Kraft.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 10:** Please produce all profit and loss statements for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 11:** Please produce all documents you contend support your position that the option to purchase Plaintiff Stephen Kraft's membership interest in Grupo Habanero LLC was properly exercised.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 12:** If you contend that "Exhibit B" to Plaintiffs' Original Petition was sent to Plaintiff Stephen Kraft by certified mail return receipt requested, please produce the return receipt.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 13:** Please produce all loan and/or notes currently owed by Grupo Habanero LLC

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 14:** Please produce the applicable Internal Revenue Service Form K-1 for Grupo Habanero LLC for the years 2012-2014

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents regarding any audit of the business records of Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents provided to any financial institution for the purpose of securing a loan for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 17:** Please produce any business plans prepared by you for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents reflecting the projected earnings for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents reflecting the earnings per membership unit of Grupo Habanero LLC.

**RESPONSE**
P

**RESPONSE REQUEST FOR PRODUCTION NO. 20:** Please produce a copy of all licenses and/or permits held by Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 21:** Please produce a copy of each and every contract to which Grupo Habanero LLC is a party, including all leases.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 22:** Please produce the Federal Income Tax returns for Grupo Habanero LLC from 2012 to the present.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 23:** Please produce all sales records of Grupo Habanero LLC from January 1, 2012 through the present.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents reflecting any and all debt in the name of Grupo Habanero LLC.

**RESPONSE**

CAUSE NO. <u>2014-CI-18038</u>

| | | |
|---|---|---|
| STEPHEN KRAFT INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS A MEMBER ON BEHALF OF | § | |
| GRUPO HABANERO, LLC | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 225th JUDICIAL DISTRICT |
| | § | |
| GARY HODGE AND ROBERT HART III | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT ROBERT HART III

TO:    ROBERT HART III, Defendant, by and through his attorneys of record, Roderick J. 'Rod' Regan Branscomb | PC, 711 Navarro, Suite 500, San Antonio TX 78401-0036.

NOW COMES STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC, ("Plaintiffs"), in the above-styled and numbered cause and serves their First Request for Production on the Defendant, ROBERT HART III, pursuant to Rule 196 of the Texas Rules of Civil Procedure.

<u>Instructions</u>. Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, Defendant is hereby requested to produce the below-designated documents. Pursuant to Rule 196, Defendant must make written response that Defendant will comply with this request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed. Pursuant to Rule 196, a response to these requests shall be served within thirty (30) days after receipt of the request.

1

As used herein, the following terms shall have the meaning indicated below:

1.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

2.  The term "document", "documents" or "communications" shall mean and include, without limitation, all handwritten, typed, printed and photostatic matter and drafts, duplicates or any other copies of all agreements, contracts, communications, correspondence, letters, telegrams, faxes, memoranda, *e-mails*, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of meetings and conferences, diaries, calendars, appointment books, financial statements, worksheets, accounts, ledgers, notes, bills, statements, invoices, journal entries, receipts, checks, canceled checks, envelopes or folders or similar containers, microfilm, booklets, circulars, pamphlets, photographs, graphs, charts, electronic mail, internet communications computer programs, cards, tapes or disks, computer runs, magnetic or other memory components of computers containing information, including, without limitation, hard disk storage devices, floppy disks, tape backup systems, and any other magnetic or electronic storage medium employed by Plaintiff to record information, summaries or analyses of computer runs, and all of the writings of any type and all other data compilations from which information can be obtained or translated into usable form.

3.  In accordance with the Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "You" and "your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said "party."

5.  "Identify" or "Identification":

    (a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    (b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    (c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        (i)    the title, heading, or caption, if any, of such document;

2

(ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

6. "Settlement" as used herein, means:

(a) an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b) any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

(c) the term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7. Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date

8. "Plaintiffs" shall mean STEPHEN KRAFT, Individually and as a member on behalf of GRUPO HABANERO, LLC.

9. "Defendant" shall mean ROBERT HART III.

3

10. "Defendant" shall mean GARY HODGE.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone: (210) 404-0333
Telecopier: (210) 404-0336

By: _____
RICHARD W. ESPEY
State Bar No. 06667580
respey@lawespey.com
MATTHEW B. SOLIDAY
State Bar No. 24079367
msoliday@lawespey.com

ATTORNEYS FOR PLAINTIFFS, STEPHEN KRAFT,
INDIVIDUALLY AND AS A MEMBER ON BEHALF
OF GRUPO HABANERO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 8, 2014, on the following counsel of record:

Roderick J. 'Rod' Regan
Branscomb | PC
711 Navarro, Suite 500
San Antonio TX 78401-0036
210.598.5405 Facsimile
*Attorneys for Defendants*

_____
RICHARD W. ESPEY
MATTHEW B. SOLIDAY

4

**REQUEST FOR PRODUCTION NO. 1:** Please produce all correspondence between you and Plaintiff Stephen Kraft.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 2:** Please produce all emails between you and Plaintiff Stephen Kraft between January 1, 2014 and the present.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 3:** Please produce all emails between you and Defendant Gary Hodge regarding the employment of Plaintiff Stephen Kraft between January 1, 2014 and November 14, 2014.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 4:** Please produce all emails between you and Defendant Gary Hodge regarding the purported exercise of the option to buy Plaintiff Stephen Kraft's membership interest in Grupo Habanero LLC.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents reflecting proof of mailing the letter attached to Plaintiffs' Original Petition as "Exhibit B".

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents reflecting personal service of the letter attached to Plaintiffs' Original Petition as "Exhibit B" upon Plaintiff Stephen Kraft.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 7:** Please produce all bank statements for any bank account associated with Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 8:** Please produce all tax documents sent by you or Grupo Habanero LLC to Plaintiff Stephen Kraft.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 9:** Please produce the employment file of Plaintiff Stephen Kraft.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 10:** Please produce all profit and loss statements for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 11:** Please produce all documents you contend support your position that the option to purchase Plaintiff Stephen Kraft's membership interest in Grupo Habanero LLC was properly exercised.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 12:** If you contend that "Exhibit B" to Plaintiffs' Original Petition was sent to Plaintiff Stephen Kraft by certified mail return receipt requested, please produce the return receipt.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 13:** Please produce all loan and/or notes currently owed by Grupo Habanero LLC

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 14:** Please produce the applicable Internal Revenue Service Form K-1 for Grupo Habanero LLC for the years 2012-2014

**RESPONSE**

6

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents regarding any audit of the business records of Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents provided to any financial institution for the purpose of securing a loan for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 17:** Please produce any business plans prepared by you for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents reflecting the projected earnings for Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 19:** Please produce all documents reflecting the earnings per membership unit of Grupo Habanero LLC.

**RESPONSE REQUEST FOR PRODUCTION NO. 20:** Please produce a copy of all licenses and/or permits held by Grupo Habanero LLC.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 21:** Please produce a copy of each and every contract to which Grupo Habanero LLC is a party, including all leases.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 22:** Please produce the Federal Income Tax returns for Grupo Habanero LLC from 2012 to the present.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 23:** Please produce all sales records of Grupo Habanero LLC from January 1, 2012 through the present.

**RESPONSE**


**REQUEST FOR PRODUCTION NO. 24:** Please produce all documents reflecting any and all debt in the name of Grupo Habanero LLC.

**RESPONSE**